UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GARCIA PLIEGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC.<br><br>　　　　　Defendant. | Case No. 1:23-cv-00858-NODJ-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED REQUEST TO CONTINUE DISCOVERY AND PRETRIAL MOTION DEADLINES<br><br>(Doc. 14) |

　　　　On April 27, 2023, Plaintiff Eduardo Garcia Pliego ("Plaintiff") initiated this action against Defendant Walmart, Inc. ("Defendant") in Kern County Superior Court. (Doc. 1). On June 5, 2023, Defendant removed the action to this Court. *Id*. The Court issued a scheduling order in this matter on August 31, 2023. (Doc. 10).

　　　　Pending before the Court is the parties' stipulated request for a four-month continuance of all discovery deadlines and pretrial motion filing dates. (Doc. 14). The parties request no change to the scheduled pretrial conference and trial dates. *Id*.

**Standard of Law**

　　　　District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson*

*v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed: "… trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609)

**Discussion**

The only basis advanced by the parties to warrant the requested four-month extension of discovery and motion filing deadlines is that the pretrial conference and trial dates are sufficiently distant to accommodate such a continuance without adjustment of those dates. But that does not yield good cause or establish the parties' diligence such that an extension may be granted.

An extension of case management dates in fact may be warranted. However, the Court does not presently have before it sufficient information to find that the parties have undertaken discovery diligently such that good cause supports the granting of any request for extension – particularly given the Court's early admonition to the parties: "The dates set in this [Scheduling] Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." (Doc. 10 p. 7).

///

///

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the parties' stipulated request to extend discovery and pretrial motion filing deadlines (Doc. 14) is DENIED WITHOUT PREJUDICE to the parties' filing of a renewed stipulated request identifying good cause for any extension.

IT IS SO ORDERED.

Dated:  **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE