**Bron E. D'Angelo, Esq. (SBN 246819)**
**Sean N. Costa, Esq. (SBN 347439)**
**BURGER | MEYER LLP**
999 Corporate Drive, Suite 220
Ladera Ranch, CA 92694
Tele: (949) 427-1888
Fax:  (949) 427-1889
Email: bdangelo@burgermeyer.com
       scosta@burgermeyer.com

Attorneys for Defendant
WALMART, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GARCIA PLIEGO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No: 1:23-cv-00858-ADA-CDB<br>Judge Ana de Alba<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Action Filed: April 27, 2023<br>Trial Date: None |

## 1.   A.   PURPOSES AND LIMITATIONS

The following parties, EDUARDO GARCIA PLIEGO ("Plaintiff") and WALMART, INC. ("Walmart"), by their undersigned counsel, have and hereby stipulate and agree to entry of the following Stipulated Protective Order and to abide by the following terms:

WHEREAS, the Parties have propounded or will propound certain discovery requests and initial disclosures including information which either Party considers to be proprietary, confidential business records and/or trade secrets, or sensitive, confidential or private information ("confidential documents and information"); and

WHEREAS, the Parties have expressed a willingness to provide the confidential documents and information which would be necessarily disclosed in

complying with these discovery requests and initial disclosures, provided that the Court enter an appropriate protective order; and

WHEREAS, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and

WHEREAS, the Parties have agreed to this;

The following procedure shall govern the production, use and disposal of the confidential documents and information:

**B.     GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets and other valuable commercial, financial, technical, security, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information, information regarding confidential business practices, or other commercial information (including information implicating privacy rights of third parties), information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidential of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that the information will not be designated as confidential for tactical reasons and that nothing be so designated without good faith belief that it has been maintained in a confidential, non-public

manner, and there is good cause why it should not be part of the public record of this case.

**C.  ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The Parties further acknowledge, as set forth in Section 9.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Materials as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must

articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. **SCOPE**

The protections conferred by this Stipulation and Order cover not only confidential material but also (1) any information copied or extracted from the confidential material; (2) all copies, excerpts, summaries, or compilations of the confidential material, and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal the confidential material. The material expected to fall within the protection of this Stipulation and Order are: Walmart policies and procedures related to store and bathroom maintenance, response to incidents occurring within stores, and incident reporting. This Stipulation and Order also is expected to protect proprietary and confidential store management and incident reporting protocols expected to be sought by Plaintiff via a deposition of a person most knowledgeable. This information needs protection as it involves trade secrets that could be damaging to Walmart's financial health if disclosed to the general public. A Court order is necessary to ensure protection as it will provide the greatest protections against any potential disclosures.

Any use of the confidential material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of the confidential material at trial.

## 3. **DURATION**

Once a case proceeds to trial, information that was designated as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this Order, becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial.

## 4. **DESIGNATING PROTECTED MATERIAL**

4.1. Designation of Confidential Documents and Information. The Responding Party shall mark as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this Order. If only a portion of the material on a page qualifies for protection, the Responding Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). The document, things and information contained in them or gleaned from them shall only be used, shown and disclosed only as provided in this Order. The term "confidential documents and information" as used in this Order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts and/or paraphrases of the documents, things or information. The designation shall be made in good faith and shall not be made with respect to any documents which is in the public domain, such as patents, or any other document which has previously been produced or disseminated without confidentiality protection.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Responding Party's attention that information or items that it designated for protection do not qualify for protection, that Responding Party must promptly notify all other Parties that it is withdrawing the inapplicable designation

4.2.  <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Responding Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5. ACCESS TO AND USE OF PROTECTED MATERIAL

5.1.  <u>Access to Confidential Documents and Information by Qualified Persons.</u> This Protective Order is limited to the context of pre-trial civil discovery. This Protective Order does not restrict dissemination of information if gained from other public sources outside of pre-trial civil discovery. Accordingly, access to confidential documents and other materials, any parts thereof, any summaries or extracts thereof, as well as matters contained therein which are produced or obtained exclusively through pre-trial discovery shall be limited to the following "qualified persons." The following persons are automatically deemed "qualified person:"

    a.    This Court and its employees;
    b.    The jurors;
    c.    Counsel of record for the parties to this lawsuit
    d.    Those paralegals, stenographic and clerical employees who are employed by and assisting counsel of record

      e.    The parties of record and their officers, directors, employees, counsel of record and insures to the extent necessary to assist in preparing for discovery, depositions, resolution, or for trial, who are otherwise assisting in this litigation;

      f.    Deposition witnesses;

      g.    Witnesses called at trial;

      h.    Any mediator who is assigned/chosen to hear this matter, and his/her staff, subject to their agreement to maintain confidentiality to the same degree as required by this stipulation; and

      i.    Any expert or consultant who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case, to the extent necessary to assist in litigation, and who has signed a written certification in the form set as Exhibit "A"; provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

           i.    Who is an employee of a direct business competitor of the party producing the information; or

           ii.    Who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

Counsel of record shall maintain such certifications for all designated experts, and shall provide copies of the certifications upon demand to counsel for any opposing party. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party

    5.2    <u>Jurisdiction Over Qualified Persons.</u> Each qualified person is subject to the jurisdiction of this court for purposes of enforcement of this Order. Counsel of record are responsible for ensuring that their employees and any experts they retain

comply strictly with this Order. Violation by an employee of counsel or by an expert retained by counsel shall be deemed a violation by counsel.

5.3 <u>Use of Confidential Documents and Information Generally.</u> Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose. No qualified person who gains access to the confidential documents, things and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

5.4 <u>Use of Confidential Documents and Information in this Lawsuit.</u> Confidential documents, things and information may be used at trial or at depositions, in accordance with the following safeguards: if confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such confidential documents, things or information shall themselves be considered as confidential documents. The Responding Party will identify the disclosure or discovery material on the record, before the close of the deposition of all protected testimony. The party introducing such confidential documents, things and information shall ensure that the court report binds the confidential portions of the transcript and exhibits separately and labels them "confidential." In addition, each deponent is ordered that he may not divulge any confidential documents, things or information except to qualified persons.

**6. CHALLENGING CONFIDENTIALITY DESGNATIONS**

6.1 <u>Challenges to Claims of Confidentiality.</u> If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, he may file a motion to change the designation. As per *Stadish v. Superior Court* (1999) 71 Cal.App.4th 1130, the motion to change the designation shall provide notice and an opportunity for the proponent of the confidentiality to respond. The burden is placed on the proponent of

confidentiality to demonstrate good cause. The documents and information shall remain confidential until their status is changed by stipulation or order.

## 7. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action as designated as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this Order. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Required Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Responding Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or otherwise protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 16(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 9. MISCELLANEOUS

9.1  Right to Further Relief. Nothing in this Order abridges the rights of any person to seek its modification by the Court in the future.

9.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order

9.3  Filing and Sealing. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. When a party files confidential documents, things and information, including confidential portions or any transcript, he/she shall file them in sealed envelopes or other appropriately sealed containers on

which shall be endorsed with the title of this action and a statement substantially in the following form:

> ***Provisionally "Filed Under Seal Pursuant to Protective Order."***

The envelop or container shall not be opened or released to anyone other than qualified persons without further order of the Court.

9.4 <u>Amendments.</u> Nothing in this Order will prejudice either party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

## 10. **FINAL DISPOSITION**

10.1 <u>Disposal at the Conclusion of this Action.</u> After the final disposition of this Action, within sixty (60) days of a written request by the Responding Party, each Receiving Party must return all confidential documents, things and information, and all copies thereof. Whether the documents, things and information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Responding Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the confidential material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the confidential material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute confidential material remain subject to this Protective Order as set forth in Section 3 (DURATION)

10.2 <u>Execution.</u> Facsimile copies of signature pages may be used as originals and this Stipulated Protective Order may be executed in counterparts with the same

full force and effect. This Stipulation and Protective Order consists of 13 pages inclusive of a single-page exhibit, and is executed on the date set below.

Dated: August 4, 2023            ADAMSON AHDOOT, LLP

_/s/ Eean L. Boles_
Eean L. Boles, Esq.
Attorneys for Plaintiff
EDUARDO GARCIA PLIEGO

Dated: August 4, 2023            **BURGER | MEYER** LLP

_/s/ Sean N. Costa_
Bron E. D'Angelo, Esq.
Sean N. Costa, Esq.
Attorneys for Defendant
WALMART STORES, INC.

**IT IS SO ORDERED**

Dated:   April 18, 2024

JUDGE CHRISTOPHER D. BAKER

# EXHIBIT "A"

# EDUARDO GARCIA PLIEGO V. WALMART, INC.

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA CASE NO. 1:23-cv-00858-ADA-CDB

I, _____, [print or type name] am employed by _____

I am:

_____  a.  A party to this action.

_____  b.  Counsel for _____.

_____  c.  Employed by _____.

_____  d.  I have been retained by counsel for _____.

My present occupation or job description is: _____

_____

_____

_____

I hereby acknowledge that I have received and read a copy of the Protetive Order entered in this action in the United States District Court Eastern District of California, Case No. 1:23-cv-00858-ADA-CDB, and I understand the limitations this Protective Order imposes upon the use, disclosure, and the eventual return and/or destruction of information designated as "confidential litigation materials." I further understand that any unauthorized use and disclosure of any confidential litigation materials shall constitute contempt of Court, and I hereby consent to the personal jurisdiciton of the United States Eastern District of California in connection with any use or disclosure of confidential litigation materials. I agree to be bound by all terms of such Protective Order.

Dated: _____    Signed: _____